IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ZADOCK MEHUGE WILSON, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 16-0219-CG-N |
| WARDEN MYERS, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding *pro se*, filed an action under 42 U.S.C. § 1983. This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), is recommended to be transferred to the United States District Court for the Middle District of Alabama.

Plaintiff is incarcerated at Easterling Correctional Facility ("Easterling") in the Middle District of Alabama, and all defendants have an Easterling address. Moreover, the incidents about which plaintiff complains, being assaulted by inmates, having his shoulder broken, suffering a delay in medical treatment, and being denied medicine, occurred at Easterling.

A § 1983 action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(2011); *see New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action). But, when venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought. 28 U.S.C. § 1406(a)(1996); *see Kapordelis v. Danzig*, 387 F. App'x 905, 906-07 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* transfer, pursuant to § 1406(a), of a *Bivens* action from New York to Georgia), *cert. denied,* 562 U.S. 1250 (2011).

In the present action, the address given for defendants is Easterling, Clio, Alabama, in the Middle District of Alabama, and the events giving rise to plaintiff's action likewise occurred at Easterling. Thus, plaintiff's action appears to have no connection to this district. Venue is therefore lacking, and appears to be proper in the Middle District. Considering plaintiff's *pro se* status, it is recommended, in the interest of justice, that plaintiff's action be transferred to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 12th day of October, 2016.

/s/ Katherine P. Nelson
_____
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**